UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
DARYL OVERKA, DEREK                         )
BASZKIEWICZ, KEVIN CORRIGAN, KENNETH )
LEONE, PETER FREDDURA, ANTHONY       )
CARMOSINO, MARC BENNETT,                )
JORGE MARTINEZ, ROBERT MONZIONE,    )
DANA YOUNG, VESSELLE MULBAH,          )
ANTHONY CACCIOLA, DON DIFIORE,         )
RITSON DESROSIERS, MARCELINO COLETA, )
TONY PASUY, LAURENCE ALLSOP,            )
ANDREA CONNOLLY, DEREK WATSON,      )
MICHAEL HOOD, NELSON STOOT,             )
JAMES BROOKS, ROY HARPER,                ) Civil Action No. 1:08-cv-10686
RONALD FORD, BRIAN SCHALK                )
And all others similarly situated,                  )
                                                                   )
    Plaintiffs,                                            )
                                                                   )
    v.                                                         )
                                                                   )
AMERICAN AIRLINES, INC.,                        )
                                                                   )
    Defendant.                                           )
_____)

**AMERICAN AIRLINES, INC.'S MOTION TO STAY PROCEEDINGS
RELATED TO CLASS CERTIFICATION PENDING FINAL
RESOLUTION OF RELATED CASE OF
<u>DIFIORE ET AL. V. AMERICAN AIRLINES, INC.</u>**

In the interest of judicial economy and because allowance of this motion would not result in prejudice to any party, American Airlines, Inc. ("American") requests that this Court stay all proceedings related to class certification in this matter pending retrial and appeals in the matter of *DiFiore et al. v. American Airlines, Inc.*, C.A. No. 1:07-cv-10070-WGY ("the DiFiore case"). This action involves claims by skycaps who work at American's airport terminals throughout the United States, including Logan International Airport ("Logan") in Boston. *See generally Amended Complaint*. The vast majority of

these skycaps are employed by vendors, and do not work for American. *Id*. Only a small fraction of these skycaps remained in American's employ when the airline outsourced the function to vendors. *Id*., ¶¶ 17, 26-28. The plaintiffs contend that, in spite of prominent signage stating "GRATUITY NOT INCLUDED", passengers mistook a $2 per bag curbside check-in fee for a tip. *Id.*, ¶ 40. The plaintiffs in this case are, for the most part, skycaps employed by G2 Secure Staffing ("G2") who work at American's terminal at Logan ("Boston plaintiffs"). *Id.*, ¶¶ 5-16, 18-22. The Boston plaintiffs allege American violated the Massachusetts Tips Statute, *M.G.L. c. 149 §152A*, and further assert claims for tortious interference, conversion, and quantum meruit. All plaintiffs seek certification of a national class of skycaps who work at American's terminals.

These claims mirror exactly the claims asserted by other skycaps employed by G2 at Logan in the DiFiore case. At present, their claims will be retried at the end of September, 2008. The outcome of that trial and any appeals resulting from it likely will narrow significantly the issues at stake in this matter.

Courts should consider granting a motion for stay when doing so serves the interest of judicial economy and when there is little possibility that the stay would result in prejudice to either party. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Good v. Altria Group, Inc.*, 231 F.R.D. 446, 447 (D.Me. 2005); *Board of Trustees of the Teachers' Retirement System of the State of Illinois v. WorldCom, Inc.*, 244 F.Supp.2d 900, 905, 906 (N.D. Ill. 2002). A stay of class certification in this case meets those criteria.

First, this Court will save judicial resources by entering a stay relating to class certification. This Court previously decided the issue of national class certification in

DiFiore, finding against the plaintiffs in that case. *See* DiFore docket entry of September 11, 2007, *denying class certification.* Rather than pursue the simple, and less expensive, route of appealing the Court's order in that case, plaintiffs seek to litigate the identical issue in this case. That strategy makes little legal, and no economic, sense. Allowing plaintiffs to seek class certification again in this case would require American to spend additional time and money opposing a motion for class certification and in opposing or prosecuting the inevitable interlocutory appeal to the First Circuit after this Court has entered its ruling thereon.[1] Entertaining a motion for class certification at this juncture would place an unnecessary burden upon American and this Court, whereas entering a stay would encourage them to pursue the prudent and practical method of filing appeal this Court's ruling in the DiFiore case with no additional expense to the parties.

Second, a stay results in no prejudice to any party. Because American discontinued the $2 per bag fee program on June 15, 2008, plaintiffs are no longer incurring potential damages and thus there is no prejudice to them. *See* Stipulation, Docket No. 16, ¶ 2.[2]

Indeed, this Court has entered stays in situations similar to this one. The circumstances surrounding this case bear marked resemblance to those in the matter of *Joyce v. John Hancock Financial Services*, where the Court stayed action in the case before it pending resolution of summary judgment motions. *See* 462 F.Supp.2d 192, 195 (D.Mass. 2006) (discussion of court's prior action staying class certification proceedings

---

[1] Additionally, the one out-of-state skycap in the DiFiore case lost on his common law claims at trial, suggesting class certification would not be appropriate for any plaintiff asserting only common law claims.

[2] American also discontinued the no tipping policy in place for all assistance with baggage at Logan on that same date.

pending resolution of summary judgment motions). *See also Strahan v. Frazier*, 156 F.Supp.2d 80, 84 (D.Mass. 2001) (discussion of court's order staying discovery pending decision on summary judgment motions). Because the similarities between the cases in question here are even stronger, and the Court should undertake the same course of action it took in *Joyce*. 462 F.Supp.2d at 195. *See also McGuinness v. DuBois*, 891 F.Supp. 25, 29 (D.Mass. 1995).

For the reasons set forth herein, American therefore requests that this Court enter an order staying all proceedings related to class certification in this case pending final resolution of the DiFiore case.

Date:  June 25, 2008

>Respectfully submitted,
>**AMERICAN AIRLINES, INC.**
>By its Attorneys,
>
>*/s/ Amy Cashore Mariani*
>Michael A. Fitzhugh, Esq. BBO #169700
>Amy Cashore Mariani, Esq. BBO #630160
>**FITZHUGH & MARIANI LLP**
>155 Federal Street, Suite 1700
>Boston, MA 02110-1727
>amariani@fitzhughlaw.com
>(617) 695-2330

### CERTIFICATE OF CONFERENCE PURSUANT TO LR 7.1 (A)(2)

I hereby certify that on June 23, 2008, I conferred in good faith with Attorney Liss-Riordan via e-mail regarding said motion. Around 12:00 p.m., Attorney Liss-Riordan and I spoke and conferred regarding said motion.

>*/s/ Amy Cashore Mariani*
>Amy Cashore Mariani

**CERTIFICATE OF SERVICE**

   I hereby certify that this document will be filed today through the ECF system and will be submitted by hand and sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 25, 2008.

                */s/ Amy Cashore Mariani*
                Amy Cashore Mariani