UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DARYL OVERKA, DEREK BASZKIEWICZ, KEVIN CORRIGAN, KENNETH LEONE, PETER FREDDURA, ANTHONY CARMOSINO, MARC BENNETT, JORGE MARTINEZ, ROBERT MONZIONE, DANA YOUNG, VESSELLE MULBAH, ANTHONY CACCIOLA, DON DIFIORE, RITSON DESROSIERS, MARCELINO COLETA, TONY PASUY, LAURENCE ALLSOP, ANDREA CONNOLLY, DEREK WATSON, MICHAEL HOOD, NELSON STOOT, JAMES BROOKS, ROY HARPER, RONALD FORD, BRIAN SCHALK, And all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | Civil Action No. 1:08-cv-10686 |

**AMERICAN AIRLINES, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

**I.     INTRODUCTION**

On April 2, 2014, the Supreme Court of the United States held that the Airline Deregulation Act ("ADA") preempts common law claims, like those asserted by the Plaintiff skycaps in this case, that have "the force and effect of law related to an air carrier's price, route, or service." *Northwest, Inc. v. Ginsberg*, -- U.S. – (2014), 2014 WL 1301865, *citing* 42 U.S.C. sec. 41713(b)(1). *Ginsberg,* coupled with First Circuit precedent in *Brown v. United Airlines, Inc.*, 720 F.3d 60 (2013) and *DiFiore v. American Airlines, Inc.,* 646 F.3d 81 (1st.Cir 2011), require dismissal of all of Plaintiffs' claims

with prejudice and entry of judgment in American Airlines, Inc.'s ("American") favor for the reasons set forth more fully herein.

## II. FACTS

From 2005 through June of 2008, American charged a $2 per bag fee for curbside check in service at most airports at which curbside check in service was available. Amended Complaint ("Complaint"), ¶ 35-36. Vendors hired by American retained some or the entirety of the fee as compensation for the curbside check in services they provided. Complaint, ¶ 38. To the extent any portion of the fee remained after a vendor was compensated, the vendor remitted that amount to American. Complaint, ¶ 38. Plaintiffs contend that the imposition of this fee diminished their income from tips. Complaint, ¶ 39.

## III. PROCEDURAL HISTORY

On April 24, 2008, Plaintiffs filed a complaint that included three counts: alleged violation of the Massachusetts Tips Law, Tortious Interference With Contractual and/or Advantageous Relations, and Unjust Enrichment/Quantum Meruit. Docket No. 1. On May 12, 2008, Plaintiffs amended their complaint to add claims arising from the implementation of a no-tipping policy on the curb at Logan Airport.[1] Docket No. 3. On January 22, 2010, American filed its notice of appeal in the related matter of *DiFiore v. American Airlines, Inc.,* Civil Docket No. 07-10070-WGY. On May 29, 2008, the parties agreed to a general stay in this matter pending the resolution of all appeals in *DiFiore*. Docket No. 16. On May 23, 2011, the First Circuit found that statutory claims made by skycaps arising from a $2 per bag curbside check-in fee were preempted under the

---

[1] The Plaintiffs will not pursue those claims as a result of a negotiated agreement between the parties pursuant to which the no tipping policy was rescinded and thus American requests that the Court dismiss those claims pursuant to the agreement of the parties. Docket No. 16.

2

Airline Deregulation Act ("ADA") , 42 U.S.C. sec. 41713(b)(1). *DiFiore*, 646 F.3d 81, cert denied 132 S.Ct. 761 (2011). The Supreme Court denied certiorari in *DiFiore* on November 28, 2011. 132 S.Ct. 761.

A few months later and relying in part on *DiFiore*, this Court dismissed cases filed by skycaps against two other airlines alleging tortious interference and unjust enrichment on the grounds that such claims were preempted by the ADA.[2] *Mitchell et al v. US Airways, Inc. and Brown v. United Air Lines, Inc.,* 858 F.Supp.2d 137 (2013). The *Brown* and *Mitchell* plaintiffs appealed, and the First Circuit affirmed. *Brown,* 730 F.3d 60. On April 7, 2014, shortly after ruling in *Ginsberg* that the ADA preempts common law claims that affect prices, routes or services, the Supreme Court denied certiorari in the consolidated *Brown* matter. *Ginsberg,* 2014 WL 1301865*; Brown, –* S.Ct. *–* (2014), 2014 WL 1343623.[3]

---

[2] It is worth noting that the plaintiffs in two other cases, *Brown v. United Air Lines, Inc.*, 720 F.3d 60 (2013) and *Mitchell v. USAirways, Inc.*, Docket No. 1:08-cv-10686-WGY, represented by the Plaintiffs' counsel in this case, requested that this matter be consolidated with *Brown* and *Mitchell* on the grounds that the claims asserted and facts underlying those claims were nearly identical. *See* Mitchell, Docket No. 1:08-cv-10686-WGY, Docket No. 147. *See also Mitchell*, 858 F.Supp.2d at 145.

[3] American and its parent company, AMR Corporation, filed for protection under chapter 11 of the United States Bankruptcy Code, 11 U.S.C § § 101 et seq. (the "Bankruptcy Code") on November 29, 2011. On October 21, 2013, the Bankruptcy Court entered the Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Fourth Amended Joint Chapter 11 Plan (AMR Docket Nos. 10361, 10367), which, among other things, confirmed the Debtors' Fourth Amended Joint Chapter 11 Plan (the "**Plan**") (AMR Docket No. 10367). The effective date of the Plan was December 9, 2013 (*see* Notice of (I) Entry of Order Confirming Debtors' Fourth Amended Joint Chapter 11 Plan and (II) Occurrence of Effective Date (AMR Docket No. 11402)). On April 21, 2014, the Bankruptcy Court so entered that certain Stipulation and Agreed Order with Respect to Proof of Claim No. 8648 (AMR Docket No. 11967), which, among other things, provided that the determination as to whether the Proof of Claim of the Overka plaintiffs is an Allowed Claim (as defined in the Plan) for purposes of treatment under the Plan shall be determined pursuant to a disposition or final adjudication, including any appeals, in *Overka et al. v.American Airlines, Inc.*, D. Mass., Civ. Action No. 08-10686.

## IV. FEDERAL LAW PREEMPTS COMMON LAW CLAIMS ASSERTED ON BEHALF OF THE CONDITIONALLY CERTIFIED NATIONAL CLASS.[4]

For the reasons enumerated in the Supreme Court's *Ginsberg* opinion and the First Circuit's *Brown* and *DiFiore* opinions, the ADA also preempts Plaintiffs' common law claims for unjust enrichment and tortious interference. *Ginsberg*, 2014 WL 1301865; *Brown,* 720 F.3d 60; *DiFiore*, 646 F.3d 81. *Ginsberg* expressly holds that the ADA preempts common law claims which affect airlines' prices, routes, or services because they have the force of law. 2014 WL 1301865. *Brown*, cited favorably by the Supreme Court in its *Ginsberg* opinion, analyzes the basis for preemption of common law claims in this exact factual scenario: the prices airlines charged for curbside check in service. 720 F.3d 60. The Supreme Court's refusal to grant certiorari in *Brown* coupled with its favorable commentary on *Brown* in the *Ginsberg* opinion can lead to only one conclusion: the death knell has sounded on Plaintiffs' claims for the reasons identified in those opinions. *Brown*, 2014 WL 1343623; *Ginsberg*, 2104 WL 1301865.

*Ginsberg* involved claims by a frequent flyer program participant whose membership was revoked. 2014 WL 1301865. Mr. Ginsberg alleged that the airline breached the implied covenant of good faith and fair dealing by terminating his membership. *Id.* The airline contended that Mr. Ginsberg's claims were preempted by the ADA. *Id.* In a unanimous opinion, the Supreme Court agreed with the airline. *Id.*

The Supreme Court began its analysis by examining the state of the law subsequent to its prior ADA preemption decisions, *American Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995) and *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374 (1992). The Supreme

---

[4] American respectfully suggests that the conditional class would not survive analysis under the *Dukes v. Walmart* decision, 564 U.S –, 131 S.Ct. 2541 (2011), which was handed down after the Court issued its initial ruling on conditional class certification in this case. Docket No. 50.

4

Court reaffirmed that both of these decisions require a "broad interpretation of the ADA pre-emption provision", and that a claim "relat[es] to rates, routes or services" if it "ha[s] a connection with, or reference to, airline 'rates, routes or services." *Ginsberg*, 2014 WL 1301865 at *5-6. It next indicated that it had "little difficulty" rejecting Mr. Ginsberg's assertion that preemption did not apply to common law rules. *Id*. at *6. Citing *Brown*, the Supreme Court held "a common-law rule clearly has "the force and effect of law." *Id*, *citing Brown*, 720 F.3d at 68. Moreover, the Supreme Court found that the purposes of the ADA would be ill served if common law claims were exempted from its reach. *Ginsberg*, 2014 WL 1301865 at *7. Thus, where a common law claim "relates to" "rates, routes, or services", or namely has ""a connection with, or reference to, airline" prices, routes, or services", the claim is preempted. *Id.*, *citing Morales*, 504 U.S. at 384.

Here, the First Circuit has already answered the question of whether curbside check in service relates to rates, routes, or services with a definitive yes in both *Brown* and *DiFiore*. *Brown*, 720 F.3d 60 (holding that identical common law claims against different airlines were preempted); *DiFiore*, 646 F.3d 81 (holding statutory claims against American were preempted) where the sole basis for a jury's finding in favor of the skycaps arose from a purported violation of a statute that was likewise preempted. *Brown* in particular disposes of Plaintiffs' common law claims. In *Brown*, skycaps working for vendors who serviced United Air Lines and US Airways alleged that the airlines deprived them of tips by implementing curbside check in fees. 720 F.3d 60. They alleged common law claims for tortious interference and unjust enrichment/quantum meruit. *Id*, at 61. Calling preemption "strong medicine" "appropriately prescribed," the First Circuit ruled:

5

> Reduced to bare essence, the question before us is whether the quoted language preempts the plaintiffs' common law claims. Given the wording of the ADA preemption provision, this question breaks down into two sub-questions. The first sub-question asks whether the arguably preempted claim is based on a state "law, regulation, or other provision having the force and effect of law." The second sub-question asks whether the claim is sufficiently "related to a price, route, or service of an air carrier." Put in shorthand, the first sub-question focuses on the mechanism through which the claim is preferred; the second sub-question focuses on the linkage between the claim and the core activities of the regulated industry...Linkage is an open and shut matter here. For ADA preemption to thrive, the state law, regulation, or other provision sought to be enforced must "relate [] to a price, route, or service of an air carrier." 49 U.S.C. sec. 41713(b)(1). Our decision in *DiFiore* (a case that arose out of a remarkably similar set of facts) conclusively resolves this point…Our holding there signifies that the enforcement of a state law, regulation, or other provision in a way that materially affects an air carrier's imposition of baggage-handling fees relates to both an air carrier's prices and services. *Id*. at 63-64, 71.

Here, the facts are identical to those in DiFiore. This case involves the same airline, the same price, the same service, and the same underlying policies. *See generally* Amended Complaint. Thus, *Brown*'s conclusive resolution of the issue of linkage in favor of the airlines becomes even more compelling in this instance. *Brown,* 720 F.3d 60.

Finally, Plaintiffs' claims should be dismissed because they are merely alternative legal theories attacking the same facts at issue in *DiFiore*. 646 F.3d 81. The remedies sought by the skycaps in this case would have the same prohibited regulatory effect on a price for a service offered by an air carrier. *Id.* at 88-89. Case law is clear: where a state law has a "<u>direct connection</u> to air carrier prices and services, and can be fairly said to regulate [either], preemption occurs." *Id.* at 87. It matters not whether that law arises by statute or by case law; if it has a direct connection to prices and services, it is preempted. *Id*.

Here, Plaintiffs' claims for tortious interference and unjust enrichment/quantum meruit directly impact upon an air carrier's ability to collect a price for a service offered to passengers. The First Circuit's analysis in *DiFiore* comparing suggested changes to American's practices in implementing the fee can be applied not only to statutory claims, but to common law claims as well. *Id.* at 88. If American must implement changes to its practices surrounding the collection of a price for a service it offers to avoid liability under both theories of tortious interference or unjust enrichment/quantum meruit, common law preemption exists. Plaintiffs' own complaint makes clear that they contest either American's right to collect such a price in the first place or the notice given to passengers about the price. Complaint, ¶¶ 35-41. Precluding American from collecting a curbside check in fee infringes on American's right to collect a price for a service, and requiring American to change the notice it gives to passengers about the price interferes with American's right to charge a fee for curbside check in service without interference of state laws. *DiFiore*, 646 F.3d at 88. Thus, Plaintiffs' claims must be dismissed.

### V. FEDERAL LAW PREEMPTS THE MASSACHUSETTS SKYCAPS' TIPS LAW CLAIMS.

Under the ADA, federal law preempts state laws that affect an airline's "prices, routes, or services". *DiFiore*, 646 F.3d 81, 88. In *DiFiore*, the First Circuit found that M.G.L. c. 149 §152A (the "Tips Law") directly affects the prices American charged for passenger services. Stating that the "tips law as applied here directly regulates how an airline service is performed and how its price is displayed to customers," the First Circuit found the ADA preempted the Tips Law. *Id*. The Massachusetts Plaintiffs' claims under the Tips Law thus fail because federal law preempts them. *Id*.

## VI. CONCLUSION

*Ginsberg* and *Brown* both answer the question of whether preemption of common law claims exists under the ADA in American's favor; *Brown* and *DiFiore* both decisively link the provisions of law sought to be enforced to a material imposition on American's prices and services. *Ginsberg*, 2014 WL 1301865; *Brown*, 720 F.3d 60; *DiFiore*, 646 F.3d 81. Thus, all of Plaintiffs' claims are preempted and this matter should be dismissed, with costs, fees, and all other relief this Court deems appropriate to award American upon entry of final judgment in its favor.

Date: May 9, 2014

> Respectfully submitted,
> **AMERICAN AIRLINES, INC.,**
> By its Attorneys,
>
> */s/ Amy Cashore Mariani*
> Amy Cashore Mariani, Esq., BBO #630160
> amariani@fitzhughlaw.com
> Michael A. Fitzhugh, Esq., BBO #169700
> mfitzhugh@fitzhughlaw.com
> David J. Volkin, Esq., BBO#630743
> dvolkin@fitzhughlaw.com
> **FITZHUGH & MARIANI LLP**
> 155 Federal Street, Suite 1700
> Boston, MA 02110-1727
> (617) 695-2330

## CERTIFICATE OF CONFERENCE PURSUANT TO LR 7.1 (A)(2)

I hereby certify that on April 23, 2014 I conferred in good faith with Attorney Liss-Riordan via telephone conference regarding said motion.

> */s/ Amy Cashore Mariani*
> Amy Cashore Mariani

**CERTIFICATE OF SERVICE**

   I hereby certify that this document will be filed today through the ECF system and will be submitted by hand and sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 9, 2014.

              */s/ Amy Cashore Mariani*
              Amy Cashore Mariani